[Cite as *Castrovinci v. Ohio Dept. of Transp.*, 2010-Ohio-3789.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM C. CASTROVINCI

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-08667-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, William C. Castrovinci, filed this action alleging the windshields on two of his vehicles were damaged by airborne stone debris while traveling on Interstate 271 through a working construction zone. Plaintiff recalled the windshield on his 2007 Isuzu Ascender was damaged at sometime between 7:30 a.m. and 8:15 a.m. on August 13, 2009, when his wife drove the vehicle on Interstate 271 to work. Plaintiff further recalled the windshield on his 2003 Oldsmobile Alero was damaged at sometime between 7:30 a.m. and 8:15 a.m. on August 14, 2009, when his wife drove that vehicle to work. Plaintiff pointed out he "noticed the damage to the Ascender and Alero on the weekend of August 15th & 16th (2009) when I drove both cars." Plaintiff described and specifically located the damage incidents relating, "my wife drove to work on I-271 South in Willoughby Hills, after the split from I90 to I-271 and approximately around mile marker 39, stones (from the rough/ground road surface) were being thrown up by cars." According to plaintiff, the stones were left on the roadway surface after milling operations had been completed in preparation for repaving and the windshields of his vehicles were damaged when pelted by the milling remnants that were propelled from

the road surface by passing traffic. Plaintiff contended the damage to his cars was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT) in maintaining hazardous conditions on Interstate 271 in a construction area. Plaintiff filed this complaint seeking to recover $100.00, the total stated cost, "to repair chipped windshield on both cars." The filing fee was paid.

{¶ 2} Defendant acknowledged that the area where the described incident occurred was located within the limits of a construction project under the control of ODOT contractor, The Shelly Company (Shelly). Defendant explained that the, "project dealt with resurfacing with asphalt concrete, pavement repair, guardrail installation, signing and other related work from Mayfield Heights on I-271 in Cuyahoga County to I-90 in Lake County." Defendant located the damage occurrence from plaintiff's description at state milepost 39.00 on Interstate 271 in Lake County at the northern part of the project within the limits of the construction zone under the control of Shelly. Defendant asserted that Shelly, by contractual agreement, was responsible for any roadway damage occurrences or mishaps within the construction zone. Therefore, ODOT argued that Shelly is the proper party defendant in this action. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandates, specifications, and requirements and subject to ODOT approval. Furthermore, ODOT personnel maintained an onsite inspection presence in the work zone.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a choice among

different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant argued that neither ODOT nor Shelly had any knowledge about milling debris on Interstate 271 prior to plaintiff's two described incidents. Defendant related ODOT records (copy submitted), "indicate that no complaints were received at the Lake County Garage for I-271 regarding debris prior to Plaintiff Castrovinci's incident." Defendant also argued that plaintiff has failed to offer any evidence to prove his property damage was caused by any conduct attributable to either ODOT or Shelly. Defendant submitted a letter from Shelly Safety Director, Norm Bauer, concerning work performed by Shelly personnel on Interstate 271. Bauer noted that Shelly, "maintained the (construction area on Interstate 271) according to Ohio Department of Transportation specifications." Neither ODOT nor Bauer provided any information in reference to when the pavement on Interstate 271 in the vicinity of milepost 39.00 was milled prior to August 13, 2009. Bauer did state that, "I have contacted our foreman and project manager and found that there was nothing out of the ordinary on the (site) on the day the alleged damage occurred."

{¶ 6} Generally, in order to prove a breach of the duty to maintain the highways,

plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to his vehicles were directly caused by construction activity of ODOT's contractor prior to August 13, 2009. In his response plaintiff asserted, "Shelly Co. is responsible for controlling debris before opening road to traffic." Evidence is inconclusive concerning the issue of the origin of the damage-causing debris. Plaintiff has not provided evidence to establish that debris were left on the roadway after the pavement had been milled.

{¶ 7} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 8} Defendant advised plaintiff's own description of the incidents show his property damage was caused by unidentified third party motorists not affiliated with either ODOT or Shelly. Defendant related plaintiff made the statement in his complaint that, "stones were thrown up by cars," that damaged the windshields of his vehicles. Defendant denied liability based on the particular premise that it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conducts needs to be controlled. *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. However, defendant may still bear liability if it can be established if

some act or omission on the part of ODOT was the proximate cause of plaintiff's injury. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477. In his response, plaintiff disputed defendant's contention about not being responsible for damage caused by passing motorists.

{¶ 9} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 10} In order to recover in any suit involving injury proximately caused by roadway conditions including debris, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to indicate the length of time that the debris was present on the roadway prior to the incidents forming the basis of this claim. No evidence has been submitted to show that defendant had actual notice of the debris. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication defendant had constructive notice of the debris. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to prove that his damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM C. CASTROVINCI

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2009-08667-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

William C. Castrovinci                    Jolene M. Molitoris, Director

11635 Twin Oaks Trail
Chardon Twp., Ohio  44024-9149

Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
3/11
Filed 4/8/10
Sent to S.C. reporter 8/13/10